# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2010

Lyle W. Cayce
Clerk

No. 09-30764

DIANA THOMAS,

Plaintiff-Appellant

v.

DAVID KENT, Individually and as an employee of the City of Shreveport;
CITY OF SHREVEPORT; RICHARD SALLEY, Individually and as an
employee of the City of Shreveport,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-cv-1078

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Diana Thomas, a Shreveport police officer, filed this suit in the district court seeking recovery for race and gender discrimination and retaliation under Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and several provisions of the United States Constitution and Louisiana law against Defendants-Appellees Thomas Kent and Richard Salley, employees of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30764

Shreveport Police Department, and against the City of Shreveport itself. Thomas alleged that Defendants failed to promote her to a position in the Crime Scene Investigation Unit ("CSIU") and retaliated against her for discriminatory reasons. The district court granted partial summary judgment in favor of the Defendants on the retaliation claim and the discrimination claim went to trial. After trial, the jury returned a verdict denying Thomas relief on her discrimination claim. The jury found that the CSIU position Thomas sought was a purely lateral transfer and, therefore, that Thomas did not suffer an adverse employment action, which is a prima facie element of her discrimination claim for failure to promote. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 612 (5th Cir. 2007) ("It is well established that the denial of a purely lateral transfer is not an adverse employment action redressible under Title VII.").

On this appeal, Appellant challenges the sufficiency of the evidence supporting the jury's verdict. Thomas, however, admittedly failed to file a motion for judgment as a matter of law before or after the verdict. We cannot review the sufficiency of the evidence supporting a jury's verdict unless the appealing party made a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) prior to submitting the issue to the jury and, after the verdict, filed either a Rule 50(b) motion for judgment as a matter of law or a Rule 59 motion for a new trial. *Unitherme Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401-02 (2006)*; Downey v. Strain,* 510 F.3d 534, 543-44 (5th Cir. 2007) (describing the *Unitherme* decision). Where a party has failed to preserve the issue of sufficiency of the evidence for appellate review by failing to file the requisite motions, "the question before this Court is not whether there was substantial evidence to support the jury verdict, but whether there was any evidence to support the jury verdict." *Shepherd v. Dallas County,* 591 F.3d 445, 456 (5th Cir. 2009) (internal quotation marks and citation omitted).

No. 09-30764

Thus, if any evidence supports the jury's verdict that the CSIU position was a purely lateral transfer for Thomas, we must affirm. Our review of the record reveals that the verdict is supported by ample evidence. For example, the jury heard testimony from a number of witnesses in the police department to the effect that the CSIU job was generally considered a lateral transfer within the department. The evidence before the jury also established that the base salary, benefits, and rank of the CSIU job were the same as Thomas's old position. Further, the jury was presented with evidence showing that during the relevant years Thomas earned roughly the same amount of overtime compensation as the individual hired for the CSIU job, and this evidence established that in the critical year of 2003 there was only an approximate $400 difference in their overtime earnings. In any event, notwithstanding counsel's arguments that a demonstrable difference in overtime compensation would require reversal of the jury's verdict, compensation is not dispositive but is only one of many factors in determining whether a position is considered a purely lateral transfer rather than an objectively better position. *Alvarado*, 492 F.3d at 614. Therefore, ample evidence supports the jury's verdict.[1]

Thomas also challenges the district court's grant of partial summary judgment on the retaliation claim. Thomas argued to the district court that Salley, her supervisor, filed a grievance against her stating his opinion that she was being insubordinate and intentionally vexatious in her complaints about not being given the CSIU job. She argued that the grievance was in retaliation for

---

[1] Thomas challenges several of the district court's evidentiary rulings. As the jury was required to find whether Thomas suffered an adverse employment action as an element of her discrimination claim, we deny most of her evidentiary challenges as moot. Evidence relating to the "work environment" of the officer hired for the CSIU position, however, was relevant to the issue whether the difference between Thomas's old position and the CSIU position were material, and thus should have been admitted. When we view the record evidence as a whole, we perceive a surfeit of evidence that hers was a purely lateral transfer and conclude that exclusion of these relatively minor details was harmless error.

her complaints. On our *de novo* review, we conclude that the summary judgment evidence reveals that the grievance had no adverse effect on Thomas. It did not go in her personnel file or otherwise have any adverse effect on her employment. To amount to retaliation, *Burlington Northern* requires that the action must be such that it would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Thomas produced no summary judgment evidence that this completely internal memorandum had such an effect.

In sum, we are satisfied that the jury's finding that the CSIU position Appellant sought was a purely lateral transfer is supported by more than enough evidence to meet our standard of review here. *Shepherd,* 591 F.3d at 456. We also agree with the district court's grant of summary judgment on Thomas's retaliation claim. For these reasons, the district court's judgment is AFFIRMED.